UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CATHERINE FORET                          CIVIL ACTION NO. 06-2153

versus                                        JUDGE HICKS

GUFFY LYNN PATTISON, ET AL          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Catherine Foret ("Plaintiff") alleges in her complaint that she is the surviving wife of Lionel James Foret, Jr., who died while in prison. Plaintiff alleges that her late husband's death was the result of actions or inactions that give rise to causes of action under 42 U.S.C. § 1983 and state law. The complaint names several Defendants.

One of the named Defendants is the Louisiana Department of Public Safety and Corrections ("Department"). Before the court is a Motion to Dismiss (Doc. 29) in which the Department asserts that it is entitled to Eleventh Amendment immunity from the claims in the complaint. The motion was noticed for briefing, but Plaintiff did not file any timely opposition.

State agencies that are considered arms of the state are entitled to Eleventh Amendment immunity from Section 1983 and state-law suits filed in federal court. Richardson v. Southern University, 118 F.3d 450 (5th Cir. 1997). The Fifth Circuit has held that the Department is an arm of the state that is entitled to Eleventh Amendment immunity. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir.1999).

The appropriate disposition of Plaintiff's claims against the Department is to dismiss them without prejudice for lack of subject matter jurisdiction. <u>Warnock v. Pecos County</u>, 88 F.3d 341, 343 (5th Cir. 1996)(Eleventh Amendment dismissal must be without prejudice). <u>See</u> <u>also</u> <u>U. S. v. Texas Tech University</u>, 171 F.3d 279, 286 n.9 (5th Cir. 1999) (reaffirming Fifth Circuit rule that Eleventh Amendment dismissals are for lack of subject matter jurisdiction).

Accordingly;

**IT IS RECOMMENDED** that all of Plaintiff's claims against the Louisiana Department of Public Safety and Corrections be dismissed without prejudice for lack of subject matter jurisdiction.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 20th day of August, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE